# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| STEPHANIE MATTSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV411-265 |
| | ) |
| OSI RESTAURANT PARTNERS LLC, | ) |
| d/b/a Carrabba's Italian Grill; OS | ) |
| RESTAURANT SERVICES, INC., | ) |
| d/b/a Carrabba's Italian Grill; and | ) |
| CARRABBA'S ITALIAN GRILL, | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

On February 11, 2013, the parties in this sex discrimination case submitted their required Fed. R. Civ. P. 26(f) report outlining their proposed discovery plan. Doc. 23. In it they sought no extensions of the presumptive deadlines established by Local Rule 26.1(a). The Court addresses the same rule violation here as it recently did in another sex discrimination case involving the same defendants and lawyers, *Nelson v. OSI Restaurant Partners LLC*, CV412-104 doc. 25 (S.D. Ga. Feb. 6, 2013). In pertinent part Local Rule 26.1 provides:

> (a) The parties shall confer as provided in Fed. R. Civ. P. 26(f) *by the earlier* of (i) 21 days after the filing of the last answer of the defendants named in the original complaint *or* (ii) 45 days after the

first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint.

LR 26.1(a) (emphasis added).

Plaintiff Stephania Mattson filed this case on October 21, 2011, doc. 1, and both defendants moved to dismiss on November 28, 2011. Doc. 12. On September 26, 2012, the Court granted the motion and dismissed her case but gave her 15 days to amend her complaint. Doc. 15. Mattson did so on October 10, 2012. Doc. 16. Defendants answered and filed another, still pending motion to dismiss on October 24, 2012. Docs. 17 & 18.

Since the parties were required to conduct their Rule 26(f) conference within "45 days after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint," LR 26.1(a), the deadline for generating their Rule 26(f) report was triggered by defendants' first (November 28, 2011) motion to dismiss. The parties were thus obligated to confer by January 12, 2012, 45 days later. By operation of Rule 26(f) and Local Rule 26.1, they then had 14 days to submit their report. It thus was due by January 26, 2012. Yet, they did not file it until *over one year later*, on February 11, 2013. Doc. 23.

That, in turn, jammed up the rest of this case. It is the Court's practice to enter the scheduling order "after receiving the parties' report under Rule 26(f)," as contemplated by Fed. R. Civ. P. 16(b). *See* LR 26.1(c) ("Upon receipt and review of the parties' written report, and within the time set by Fed. R. Civ. P. 16(b), the Court, through the Judge or Magistrate Judge, will promptly enter its Scheduling Order as provided in Fed. R. Civ. P. 16(b)."). Had the parties complied with their obligations under the rules, the scheduling order would have been entered in early February 2012. That order would have allowed the parties 140 days to complete all discovery, which is precisely what they now request in their untimely Rule 26(f) report. Doc. 23 at 2 ¶ 6. That 140-day period has long since passed.

Hence, the parties violated Local Rule 26.1(a). It is especially egregious in light of the General Order that the Court issued to plaintiff at the outset of the case. Doc. 2 (which instructed plaintiff to serve the Order on each defendant). That Order expressly advised the parties of their obligations under Federal Rule 26 and Local Rule 26.1. So even if these counsel were new to federal practice, which they are not, in light of that

Order they could not plead ignorance of the applicable rules. Thus there is really no excuse for their failure to abide by them.

As in *Nelson*, this present case involves a run-of-the-mill claim that a female restaurant employee was subjected to sexual harassment by her employer. The parties have never suggested that the case deserved more than the customary 140-day discovery period established for routine cases. And just as in *Nelson*, it is worth repeating that it is not just the parties, but the public, that bears the expense of protracted litigation. That is the reason that courts set deadlines and enforce compliance with those deadlines. The parties cannot privately agree to avoid their obligations under the rules. And they cannot point to the Court's September 26, 2012 dismissal order as an excuse for ignoring the federal or local rules for that Order did not issue until *months* after their deadline for compliance. Plus the mere fact that plaintiff was allowed to file an amended complaint in no way reset the Rule 26(f) report deadline or delayed the commencement of discovery.

In view of all this, the Court hereby **ORDERS** the parties to show cause, within 14 days, why they should be afforded any additional time to complete discovery. Should they fail to persuade the Court, it will permit

them 30 days from the date of its receipt of their response to file dispositive motions.

**SO ORDERED** this 19TH day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA